IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

JASON LEE KENNEDY                                                             PETITIONER
Reg. #11199-010

v.                                    2:21-cv-00032-BSM-JJV

JOHN P. YATES, Warden,
FCI – Forrest City Low                                                         RESPONDENT

### PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. Failure to file timely objections may result in waiver of the right to appeal questions of fact. Mail your objections to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

### DISPOSITION

**I.    PROCEDURAL HISTORY**

In 2013, Petitioner Jason Lee Kennedy was sentenced to 120 months' imprisonment, followed by a life term of supervised release, after pleading guilty to one count of attempted enticement of a minor to engage in illicit sexual activities in the United States District Court for the Western District of Arkansas. *United States v. Kennedy*, 4:12-cr-40028-HFB-1 (W.D. Ark.

Apr. 17, 2013). Mr. Kennedy is currently serving that sentence at the Forrest City Low Federal Correctional Institution. (Doc. No. 6-1 at 1.) His projected release date, based on good conduct time credits, is October 15, 2021. (*Id*. at 1, 6, Doc. No. 1 at 2.)

Mr. Kennedy brings the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 *pro se*. (Doc. No. 1.) He seeks to apply credits against his sentence pursuant to the First Step Act of 2018, 18 U.S.C. §§ 3631-3635. (*Id*.) According to Mr. Kennedy, his participation in the UNICOR program since July 2, 2018, entitles him to a total credit of 405 days, which makes him eligible for "immediate release to home confinement." (*Id*. at 2-4.)

Respondent John P. Yates, Warden of the Forrest City Low FCI, has filed a Motion to Dismiss and Response to Mr. Kennedy's Petition, asserting dismissal is appropriate due to Mr. Kennedy's failure to exhaust his administrative remedies. (Doc. No. 6 at 2-4.) Respondent also argues Mr. Kennedy's claim is premature. (*Id*. at 4-5.) Mr. Kennedy has not responded to the Motion to Dismiss, and this matter is now ripe for a decision. After careful consideration, I recommend the Motion to Dismiss be GRANTED. Mr. Kennedy's Petition should be dismissed without prejudice.

## II.     ANALYSIS

### A.     Failure to Exhaust Administrative Remedies

"A prisoner may bring a habeas action challenging the [Bureau of Prisons]'s execution of his sentence only if he first presents his claim to the BOP." *Mathena v. United States*, 577 F.3d 943, 946 (8th Cir. 2009) (citing *United States v. Chappel*, 208 F.3d 1069, 1069 (8th Cir. 2000) (per curiam)). Federal regulations afford prisoners administrative review of the computation of their credits. *United States v. Wilson*, 503 U.S. 329, 335 (1992) (citing 28 C.F.R. §§ 542.10-.16). Prisoners are able to seek judicial review of these computations "after exhausting their

administrative remedies." *Id*. (citing *United States v. Bayless*, 940 F.2d 300, 304-05 (8th Cir. 1991)).

The BOP's Administrative Remedy Program exists "to allow an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10. The process is a multi-step one. First, an inmate must "present an issue of concern informally to staff, and staff shall attempt to informally resolve the issue before an inmate submits a Request for Administrative Remedy." *Id*. at § 542.13(a). Second, if the issue is not resolved, the inmate must submit a "formal written Administrative Remedy Request" at the institutional level. *Id*. at § 542.14(a). Third, "[a]n inmate who is not satisfied with the Warden's response may submit an Appeal . . . to the appropriate Regional Director." *Id*. at § 542.15(a). Fourth, "[a]n inmate who is not satisfied with the Regional Director's response may submit an Appeal . . . to the General Counsel." *Id*. An inmate may seek judicial review only after exhausting each of these steps. *Wilson*, 503 U.S. at 335; *see also Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (administrative exhaustion "means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)").

Respondent has submitted BOP records showing Mr. Kennedy has not filed an Administrative Remedy Request during his incarceration. (Doc. No. 6-1 at 3-4, 10.) Mr. Kennedy makes reference to his "informal resolutions being stopped," but he does not allege ever having proceeded past the informal resolution stage. (Doc. No. 1 at 3.) Nor does he make any argument as to why exhaustion of administrative remedies would be futile or that the requirement should be excused on some other basis. Because Mr. Kennedy failed to exhaust his administrative remedies prior to seeking judicial review in this habeas action, his Petition should be dismissed without prejudice.

3

B.     **Claim Not Ripe**

The relevant portion of the First Step Act allows eligible prisoners to earn time credits against their sentences for successfully completing certain "recidivism reduction programming" or "productive activities." 18 U.S.C. § 3632(d)(4). However, as Respondent points out, the First Step Act also sets forth deadlines for the Attorney General and the BOP to phase in implementation of the credits, and those deadlines have not yet expired.

> The Attorney General was allowed 210 days after the First Step Act was enacted, on December 21, 2018, to develop and publish the Risk and Needs Assessment System, which the BOP must use as a guide to implement the programs. 18 U.S.C. § 3632(a). The Attorney General published the Risk and Needs Assessment System on July 19, 2019. The BOP ha[d] 180 days, or until January 15, 2020, to implement the system, complete inmate risk assessments, and then begin to assign prisoners to appropriate evidence-based recidivism reduction programs. 18 U.S.C. § 3621(h).

*Allen v. Hendrix*, 2:19-cv-00107-BSM-JTR, 2019 WL 8017868, at 2 (E.D. Ark. Dec. 13, 2019) (footnotes omitted), *report and recommendation adopted*, 2020 WL 890396 (E.D. Ark. Feb. 24, 2020). Thereafter, the First Step Act contemplates a two-year "phase-in" period, during which the BOP is to "provide such evidence-based recidivism reduction programs and productive activities for all prisoners" and "develop and validate the risk and needs assessment tool to be used in the reassessments of risk of recidivism," while prisoners are participating in the programs. 18 U.S.C. § 3621(h)(2). The two-year phase-in period will not end until January 15, 2022.

During the phase-in period, the BOP "may offer to prisoners who successfully participate in such programs and activities the incentives and rewards described in subchapter D," including time credits. *Id*. at § 3621(h)(4). A majority of courts have concluded this provision "makes implementation of the FSA earned time credits permissible during the two-year phase-in period, not mandatory." *Holt v. Warden*, 2021 WL 1925503, at 5 (D.S.D. May 13, 2021) (collecting cases). Given the use of the permissive "may," "the language Congress chose gives the BOP

4

discretion to determine whether to implement the incentives component during the phase-in period." *Id.*; *see also Kennedy-Robey v. FCI Pekin*, 2021 WL 797516, at 4 (C.D. Ill. Mar. 2, 2021) ("If immediate implementation were mandated, Congress would have used the word 'shall' and not 'may' in 18 U.S.C. § 3621(h)(4).").

Accordingly, even if Mr. Kennedy had exhausted his administrative remedies before filing this action, his claim for time credits pursuant to the First Step Act is not yet ripe. As Respondent notes, "[t]he BOP is keeping track of program participation and will calculate and apply FSA time credits once the new policies are published." (Doc. No. 6 at 5.)

### III. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Respondent's Motion to Dismiss (Doc. No. 6) be GRANTED.

2. Mr. Kennedy's § 2241 Petition for Writ of Habeas Corpus (Doc. No. 1) be DISMISSED without prejudice.

DATED this 12th day of July 2021.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE